IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TIMOTHY G. CUNNINGHAM,

                         Petitioner,

        v.                    `                    CASE NO. 09-3015-SAC

JOHNSON COUNTY DISTRICT COURT, et al.,

                         Respondents.


O R D E R

This matter is before the court on a petition for a writ of habeas corpus, filed pro se by a prisoner confined in the Johnson County Adult Detention Center in Olathe, Kansas.  Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.[1]

In this action, petitioner appears to challenge the validity of his plea in a 2008 Johnson County criminal action to charges of driving under the influence and being a habitual violator. Petitioner states only that he was not aware plea bargains were against the law.[2]  Petitioner further states he was "unable to get

_____

[1]See United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(filing fee provisions imposed by 28 U.S.C. § 1915(b) on prisoners filing civil actions or appeals in federal court do not encompass habeas actions or appeals therefrom).

[2]Citing "U.S. v. Singleton" as support, petitioner states "NO PLEA BARGAINS, OR COCONSPIRATOR CAN TESTIFY, NO DEALS AT ALL FOR ANY REASON NO ONE CAN DO IT." (Petition, Doc. 1).  The court presumes petitioner is referring to United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), which found the government's plea bargain agreements with testifying co-conspirators was prosecutorial

a form" to exhaust state court remedies on his claim.

Comity requires that every claim presented for habeas review under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal constitutional claim before such a claim is presented to the state courts. Id. In this case, petitioner's immediate remedy lies in the Kansas state courts, and there is no showing his attempt to do so would be futile. See Duckworth v. Serrano, 454 U.S. 1, 31 (1981) (per curiam)(exception to the exhaustion requirement is made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

The court thus finds the petition is subject to being dismissed without prejudice based upon petitioner's apparent clear failure to exhaust state court remedies.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the petition should not be dismissed without prejudice.

---

misconduct.  Petitioner is advised the Tenth Circuit vacated that opinion and ordered the appeal reheard en banc.  The resulting en banc opinion reversed the earlier opinion.  See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999)(en banc)(rejecting argument that verdict must be reversed because it was based in part on testimony from individuals who benefitted from plea bargains with the government), cert. denied, 527 U.S. 1024 (1999).

**IT IS SO ORDERED.**

DATED:  This 5th day of February 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge